The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR. 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the following questions, which have been restated based upon the information provided:
 1. Are performance and payment bonds issued by an out-of-state insurance agent for a low bidder on a public works project in Arkansas, which are countersigned by a local resident Arkansas agent, in compliance with Arkansas statutes which require that bonds be obtained through a local resident Arkansas agent?
 2. Are FAX copies of a bid bond valid and binding as security for the bid?
 3. In either of the above cases, if federal regulations applied (because federal funding was involved), would these regulations override or supersede the Arkansas laws?
Arkansas Code Annotated § 22-9-402 (Cum. Supp. `993) establishes the following requirements for authorized bonding companies:
 (a) All bonds enumerated in § 22-9-401 shall be made by surety companies which have qualified and are authorized to do business in the State of Arkansas.
 (b)(1) The bonds shall be executed by a resident local agent who shall be entitled to the full commission paid local agents and who shall be licensed by the Insurance Commissioner to represent the surety company executing the bond and filing with the bond the agent's power of attorney as his authority.
 (2) The mere countersigning of a bond will not be sufficient.
According to the facts provided in your first hypothetical, the surety bond provided by a general contractor from Missouri for an Arkansas public works project was issued by a St. Louis agency and contained the St. Louis agency's power of attorney. In the lower margin of the bond, you stated that a resident local Arkansas agent had countersigned the bond; however, the local resident agent was not listed on the power of attorney for the bond company.
It is my opinion that A.C.A. § 22-9-402(b)(1) (Cum. Supp. l993) clearly requires that surety bonds mandated by the State of Arkansas for public works projects shall be issued by resident local (Arkansas) agents licensed to represent their sureties who shall file with these bonds their powers of attorney. The nonresident St. Louis agency cannot satisfy these requirements. In my opinion, the Missouri general contractor has failed to comply with the requirements for a valid surety bond to be issued by a resident local agent of the surety company on a State of Arkansas public works project. Similar requirements for surety bonds to be issued by resident local agents of surety companies are found in the public works laws of many of our sister states.
In response to your second question, it must be initially noted that bid bonds are only peripherally mentioned in the award procedures for public improvements established by A.C.A. §22-9-203(c) (Cum. Supp. 1993). A review of the requirements for bids in A.C.A. § 22-9-203(c) and (d) (Cum. Supp. 1993) indicates, however, that there is no authority for submitting a bid on a public works project for the State of Arkansas other than in the form of a sealed bid. In my opinion, a bid bond contemplated by this law must accompany a sealed bid proposal submitted by the bidder. Because the Arkansas Code Annotated is silent regarding authorization for faxing bid bonds, I reviewed with State Building Services ("SBS") officials their administrative procedures on bid bonds. Based upon their experience that time is critical in meeting all bid requirements established by an invitation to bid, SBS does permit bidders to submit a fax copy of a bid bond in the sealed bid document to comply with that requirement; however, SBS will not award a project to a successful low bidder who has submitted a fax copy of a bid bond until the hard copy, original bid bond is delivered by the bidder.
It is my opinion that where SBS officials examine and determine that a hard copy, original bid bond delivered by a bidder prior to contract award is the same bid bond document that was submitted as a fax copy in the bidder's sealed bid package, this will satisfy the requirement for a valid bid bond.
Your final question regarding whether federal regulations override or supersede state law when federal funds are involved in funding a public works project can only be determined by reviewing the provisions of the allotment or grant instrument providing the federal funds. In most construction bids conducted by SBS where federal dollars are involved, the federal granting agency has authorized state procurement laws to be utilized in the award process.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:WDG/cyh